UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                      PLAINTIFF

vs.                                                    NO. 1:20MJ-45-HBB

BARRET LAWRENCE                                              DEFENDANT

**ORDER EXTENDING TIME TO FILE INFORMATION OR INDICTMENT**

Having considered the United States' Unopposed Motion to Extend Time in which to File

Indictment, as well as the Western District of Kentucky's General Orders No. 20-02, 20-08, and

20-09 In Re: Court Operations Related to COVID-19, and finding that good cause exists

supporting the same, the Court hereby finds as follows:

1. This Court authorized the filing of a Criminal Complaint and issued an Arrest Warrant

   upon the filing of the Complaint on May 8, 2020.  (DN 1).  Law enforcement officials

   arrested Lawrence on May 11, 2020.  (DN 5).  The defendant first appeared before the

   United States Magistrate Judge the next day, May 12, 2020.  (DN 11).  On May 15, 2020,

   the Court conducted a detention hearing as the defendant waived a preliminary hearing.

   (DN 13). At the conclusion of the hearing, the Court ordered Lawrence detained.  (DN

   15).  The Speedy Trial Act, 18 U.S.C. § 3161, ordinarily would require that an Indictment

   or Information charging the defendant with the commission of an offense must be filed

   on or before June 10, 2020.  18 U.S.C. § 3161(b).  Further, under normal circumstances,

   18 U.S.C. § 3164(b) requires that the trial of any person who is detained solely because

he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention.

2.  On March 13, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-02 In Re: Court Operations Related to COVID-19, which included a directive stating that "[a]ll grand jury proceedings in this District are CONTINUED except those that are 30-day cases or are necessary to protect the safety of the community, pending further Order of the Court." (Gen. Order 20-03, ¶ 4.)  On April 1, 2020, Chief Judge Stivers issued General Order No. 20-08 In Re: Court Operations Related to COVID-19, Supplemental Order Concerning Grand Jury Proceedings, stating that "[i]n light of the ongoing COVID-19 epidemic, and in order to protect the public health, . . . all grand jury proceedings, which were continued generally by General Order 20-02, are continued until May 1, 2020."  And, on April 17, 2020, Chief Judge Stivers issued General Order No. 20-09 In Re: Supplemental Order Concerning Court Operations Related to COVID-19, stating that, "All grand jury proceedings, which were continued generally by General Order 20-08, are **CONTINUED** through May 29, 2020." (Emphasis in original).

3.  No grand juries have met in the Western District of Kentucky since the issuance of General Order 20-02.  The Speedy Trial Act automatically provides for an additional 30 days to seek an indictment "in a district in which no grand jury has been in session during such 30-day period."  18 U.S.C. § 3161(b).  Given the grave public-health concerns discussed in General Order 20-02 and based on the current declaration of a national and statewide public-health emergency, this Court cannot readily determine whether enough individual grand jurors will be in a position to report for duty sufficient to maintain the required quorum in the event in the event the Court were to call them to meet at this time.

4. For these reasons, the ends-of-justice are served by continuing the 30-day statutory Speedy Trial clock set forth in 18 U.S.C. § 3161(b), resetting the 30-day period to begin anew on the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, as communicated through a new General Order, and excluding the period of time between the date on which the defendant was arrested and the date on which this Court first permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, for all Speedy Trial Act purposes. Further, given the foregoing, doing so outweighs the best interest of the public and defendant in a speedy Indictment and speedy trial.

5. Failure to grant the requested continuance continuing the 30-day statutory Speedy Trial clock would require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required 30-day time limit, either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

6. Failure to continue this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

7. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the United States to obtain available witnesses.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The 30-day statutory Speedy Trial clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on June 10, 2020, is hereby continued until 30 days after the date on which this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, based on the Court's assessment of

the public-health concerns raised by the coronavirus (COVID-19) and communicated through a new General Order.

2.  Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iii), the time period of May 11, 2020, to the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, communicated through a new General Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed (18 U.S.C. § 3161(b)) and for calculating the 90-day time period for beginning trial for a defendant who is detained solely because he is awaiting trial (18 U.S.C. § 3164(b)).

3.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

IT IS SO ORDERED.

May 28, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**